**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| GURJOT SINGH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 6:26-cv-03291-MBB |
| | ) | |
| JIM C. ARNOTT, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Petitioner Gurjot Singh petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241.  He argues that the Respondents (collectively, "the Government") wrongfully detained him without a bond hearing.  (**Doc. 1**, pp. 1-2).  He asks the Court to order the Government to provide such a hearing or immediately release him.  (*Id.* at p. 16).  Because Petitioner's detention does not violate procedural due process, the petition is DENIED.

### Background

Petitioner, a citizen of India, entered the United States illegally in 2024.  (**Doc. 1**, p.5). DHS arrested him, initiated removal proceedings, then released him on his own recognizance. (*Id.*); (**Doc. 1-1**); (**Doc. 1-2**).  DHS recently re-arrested Petitioner and detained him without bond under 8 U.S.C. § 1225(b)(2)(A).  (**Doc. 1**, pp. 2, 5).  He remains detained.  (*Id.* at p. 5).

On May 20, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.  (**Doc. 1**).  He argues that DHS owed him notice and an individualized hearing before revoking his release.  (*Id.* at p. 12).  He also argues that DHS violated certain federal regulations by re-detaining him.  (*Id.* at p. 14); (**Doc. 8**, pp. 2-6).  Petitioner alleges a violation of his right to procedural due process.  (**Doc. 1**, pp. 2, 15-16).

**Discussion**

28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges to the legality of immigration-related detention. *See **Zadvydas v. Davis***, 533 U.S. 678, 687 (2001). *See also **Rasul v. Bush***, 542 U.S. 466, 483-84 (2004) (holding that Section 2241 conferred jurisdiction to hear a challenge to an alien's detention). But "[d]istrict Courts in this circuit and elsewhere agree that a habeas petitioner under § 2241 bears the burden of demonstrating by a preponderance of the evidence that his or her detention is unlawful." ***Vargas Lopez v. Trump***, 802 F. Supp. 3d 1132, 1137 (D. Neb. 2025); ***Johnson v. Mabry***, 602 F.2d 167, 171 (8th Cir. 1979) ("Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to establish by a preponderance of the evidence that he is entitled to relief.").

Petitioner fails to carry that burden. His mandatory detention pending removal proceedings is not contrary to procedural due process.

**I.      Petitioner's continued detention does not violate procedural due process.**

The parties agree that Petitioner is detained under Section 1225(b)(2)(A). They disagree about whether that detention is constitutional in Petitioner's case. Petitioner urges the Court to evaluate his due process claim under the *Mathews* framework, which employs a multi-factor "reasonableness" test to determine what process is due. (**Doc. 1**, pp. 8-11); (**Doc. 8**, pp. 6-8). *See **Mathews v. Eldridge***, 424 U.S. 319 (1976). He complains that his mandatory detention under Section 1225(b)(2)(A) fails that test. The Government responds that Section 1225(b)(2)(A) provides all the procedural due process due to Petitioner. (**Doc. 6**, p. 8).

The Government is right. Removable aliens like Petitioner may be detained pending deportation proceedings "simply by reference to the legislative scheme." *See **Baynee v. Garland***, 115 F.4th 928, 932 (8th Cir. 2024). *See also **Department of Homeland Security v. Thuraissigiam***, 591 U.S. 103, 140 (2020) (holding that an "applicant for admission" under Section 1225 "has only

2

those rights regarding admission that Congress has provided by statute"). In *Baynee*, the Eighth Circuit repudiated any need for a "multi-factor 'reasonableness' test" when evaluating mandatory detention pending removal proceedings. *Baynee*, 115 F.4th at 933.

True, freedom from imprisonment "lies at the heart of the liberty [the due process clause] protects." *Zadvydas*, 533 U.S. at 690. But detention during removal proceedings is "a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523-26 (2003) (holding that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings"). That is because "Congress may make rules as to aliens that would be unacceptable if applied to citizens." *Id.* at 522.

Section 1225(b)(2)(A) requires detention pending removal proceedings. It says nothing about bond hearings. *See Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018). Petitioner agrees that he is detained pending removal proceedings. Because Section 1225(b)(2)(A) requires mandatory detention of removable aliens pending deportation, procedural due process requires no more. *See Baynee*, 115 F.4th at 932.

Petitioner claims that his prior release gave him a liberty interest, which the Government may not suspend without notice and a hearing. He cites several district court cases for support. But "[a] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011). Regardless, Petitioner's prior release into the United States pending deportation proceedings did not grant him admission. *See Sanchez v. Mayorkas*, 593 U.S. 409, 415 (2021) ("Lawful status and admission . . . are distinct concepts in immigration law: Establishing one does not necessarily establish the other."). So the Government may detain him "simply by reference to the legislative scheme." *See Baynee*, 115 F.4th at 932.

3

The legislative scheme gives the Government discretion to revoke release and detain and alien. *See* **8 U.S.C. § 1226(b)**. The Court may not disturb those discretionary decisions. *See* **8 U.S.C. § 1226(e)**.

Finally, Petitioner argues that DHS violated 8 C.F.R. § 236.1(c)(9), and his right to procedural due process, when they revoked his release and re-detained him. 8 C.F.R. § 236.1(c)(9) gives certain DHS officials discretion to revoke an alien's release, including "the district director, acting district director, deputy district director, assistant district director for investigations, assistant district director for detention and deportation, or an officer in charge (except foreign)." Petitioner presents a scanned copy of his "Order of Release on Recognizance," dated April 10, 2024, as proof that no authorized official revoked his release. (**Doc. 1-2**). He points to a section at the bottom titled, "Cancellation of Order," which is unmarked and unsigned. (***Id.***). According to Petitioner, he is entitled to relief because "the Government offers no declaration or other proof that an authorized ICE official properly revoked" his release. (**Doc. 8**, p. 5).

Section 1226 gives the Attorney General broad authority to revoke an alien's release. *See* **8 U.S.C. § 1226(b)**. 8 U.S.C. § 1103(g)(2) empowers the Attorney General to delegate that authority. *See **Rivera v. Garland***, 108 F.4th 600, 605 (8th Cir. 2024). No statute limits that delegation to certain officials. And "an alien in [Petitioner's] position has only those rights regarding admission that Congress has provided by *statute*." ***Thuraissigiam***, 591 U.S. at 140 (emphasis added). Regardless, neither statute nor regulation says that revocation of release is *invalid* unless ordered by the officials listed in 8 C.F.R. § 236.1(c)(9).

Even if the Court were to agree that due process requires a certain individual to revoke a deportable alien's release, Petitioner fails to prove non-compliance. A blank signature line on a form that predates his re-detention by over two years is not enough. And Petitioner must clear the

4

preponderance of the evidence bar, not the Government.  See ***Johnson v. Mabry***, 602 F.2d 167, 171 (8th Cir. 1979).  His due process argument fails.

### Conclusion

Petitioner's continued detention does not violate procedural due process.  The Petition for a Writ of Habeas Corpus is DENIED.  Petitioner's Motion to Enforce Order to Show Cause is DENIED because the Government's response (**Doc. 7**) complied with the Court's Order to Show Cause (**Doc. 3**).

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated:  June 24, 2026